**REMAND / JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-515-GW-SPx | Date | June 10, 2020 |
|---|---|---|---|
| Title | *Myriam Sanchez v. Costco Wholesale Corp.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO REMAND [24]**

Myriam Blanco Sanchez ("Plaintiff") filed a First Amended Complaint for Damages ("FAC") on April 23, 2020, adding Holly Haas ("Haas") as a defendant to the case.[1] Plaintiff now seeks to remand this action to Riverside County Superior Court because the addition of Haas destroys complete diversity.

Defendant Costco Wholesale Corporation ("Costco"), which had removed the case – originally-filed on January 30, 2020 – to this Court on March 12, 2020, does not deny that Haas is a citizen of California, and would thereby destroy diversity. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court has considered the factors germane to this decision. *See Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002); *Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267, 1278 (C.D. Cal. 2015); *see also* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE, FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020), ¶¶ 2:3645-3651. It concludes that it will allow Plaintiff's addition of Haas as a defendant in this action, and that the case therefore must be remanded.

In her original Complaint, Plaintiff included "Doe" defendants, indicating that she was contemplating naming additional, then-unknown defendants. Within days of the removal, she acted to identify the manager of Costco's store where her injuries occurred. Once she learned Haas's identity, she quickly pursued information concerning Haas's residence (Costco does not assert that Haas's

---

[1] Plaintiff filed the FAC without seeking leave to do so, perhaps misunderstanding the exact meaning of the Court's (admittedly perhaps-imprecise) scheduling order issued April 20, 2020. *See* Docket No. 15. In any event, the Court now grants her the leave she should have sought to amend her Complaint, thereby confirming that the FAC is the operative pleading and that Haas has properly been named a defendant in this action.

:

Initials of Preparer   JG

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-515-GW-SPx | Date | June 10, 2020 |
|---|---|---|---|
| Title | *Myriam Sanchez v. Costco Wholesale Corp.* | | |

citizenship is different from her residence), and amended the Complaint. There is no obvious reason Plaintiff cannot pursue a claim of negligence against Haas,[2] even if it is true that Costco would also be liable for any such negligence via *respondeat superior* and/or Costco would have to indemnify Haas pursuant to the California Labor Code. If Plaintiff were forced to sue Haas separately, it would create duplicative work not just for Plaintiff, but for the court system as well.

      Here, the foregoing considerations are enough to outweigh any factors that might support denying Plaintiff's ability to add Haas as a defendant. As such, the Court grants Plaintiff's motion, and remands the action to Riverside County Superior Court due to the elimination of diversity jurisdiction in this action.

      It is so ordered.

---

[2] Costco's discussion of "fraudulent joinder" principles is misplaced, as that doctrine only applies where a non-diverse defendant is already a party at the time of removal (even though a court, under Section 1447(e) analysis, still similarly considers the relative viability of the claim(s) against the desired non-diverse defendant). *See Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1019 n.2 (C.D. Cal. 2002).

:

| Initials of Preparer | JG |
|---|---|